# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | | |
|---|---|---|
| **JACK E. VANCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:16-10730** |
| | ) | |
| v. | ) | |
| | ) | |
| **POCAHONTAS SHERIFF DEPARTMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on November 9, 2016. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

**1.     State Conviction:**

In April of 2005, Plaintiff was charged by Criminal Complaint with Second Degree Sexual Assault and Third Degree Sexual Assault. (Civil Action No. 1:16-10725, Document No. 8-1, p. 1.) Plaintiff was released on bond pending grand jury proceedings. (Id., p. 2.) Subsequently, Plaintiff was indicted by the grand jury for eighty-seven (87) counts of Third Degree Sexual Assault and two (2) counts of Second Degree Sexual Assault. (Id.) Plaintiff then absconded with the alleged victim to Virginia, which resulted in the filing of federal charges. (Id.) On March 6, 2007, Plaintiff pled guilty to five counts of Third Degree Sexual Assault. (Id.,

pp. 4 – 5.) On August 24, 2007, the Circuit Court sentenced Plaintiff to an indeterminate term of one (1) to five (5) years on each count to run consecutively to each other. (Id., p. 6.) Plaintiff appealed his conviction to the West Virginia Supreme Court asserting the following: (1) "Is a sentencing decision by a trial court appealable based solely upon an abuse of discretion prior to the filing of a motion for reconsideration?"; and (2) "Did the trial court abuse its discretion in this case?" (Id., p. 9.) The West Virginia Supreme Court refused his appeal on June 11, 2008. (Document No. 8-5.)

On February 8, 2012, Plaintiff filed a *habeas* petition with the Circuit Court of Pocahontas County. Vance v. United States, 2014 WL 1513418, *2 (N.D.W.Va. April 16, 2014). Plaintiff's *habeas* petition was denied on March 1, 2012. Id. Plaintiff did not file an appeal with the West Virginia Supreme Court. Id.

On August 26, 2013, Plaintiff filed his Section 2254 Petition with the Northern District of West Virginia. Id. at * 1. As grounds for relief, Plaintiff asserted as follows: (1) Plaintiff's constitutional due process rights, equal protection rights, and privacy rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments were violated by the use of an intercepting devise used to record a call made by Plaintiff to the victim; (2) Plaintiff was denied his right to effective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments. Id. at * 2. By "Report and Recommendation" filed on March 27, 2014, United States Magistrate Judge Kaull's recommended that Petitioner's Section 2254 Petition be dismissed without prejudice based upon his failure to exhaust. Id. at * 3 – 4. By Memorandum Opinion and Order entered on April 16, 2014, United States District Judge John Preston Bailey adopted Judge Kaull's recommendation and dismissed Plaintiff's Section 2254 Petition without prejudice. Id. at * 1.

**2.      Federal Conviction:**

On February 28, 2007, Petitioner was convicted in the United States District Court for the Northern District of West Virginia of one count of traveling in interstate commerce to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b) (Count One), and one count of transporting a minor in interstate commerce with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) (Count Two). (Document No. 8-1, pp. 5 – 6.) On August 6, 2007, the District Court sentenced Plaintiff to a 87-month term of imprisonment on each count to run concurrently, to be followed by a five-year term of supervised release. (Id., p. 6.) On August 8, 2007, Plaintiff filed an appeal with the Fourth Circuit Court of Appeals. The Fourth Circuit affirmed Plaintiff's conviction and sentence on August 1, 2008. United States v. Vance, 290 Fed.Appx. 532 (4th Cir. 2008).

On August 28, 2009, Plaintiff filed in the Northern District of West Virginia his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Vance v. United States, 2010 WL 3244875, * 1 (N.D.W.Va. June 25, 2010). As grounds for *habeas* relief, Plaintiff asserted as follows: (1) Ineffective assistance of counsel based upon counsel's failure to cross-examine the victim adequately, introduce and exclude certain evidence, impeach the government witness, pursue certain defense strategies, call certain witnesses to testify in violation of the Plaintiff's Fifth Amendment rights, and appeal the denial of bond; (2) Ineffective assistance of appeal counsel based upon counsel's failure to file an Anders brief without Plaintiff's knowledge or consent, and inform Plaintiff of his right to a rehearing before the Fourth Circuit; and (3) Multiple instance of various types of prosecutorial misconduct, including intimidating witnesses. Id. The United States filed its Response on

October 6, 2009. Id. By Report and Recommendation entered on June 25, 2010, United States Magistrate Judge James E. Seibert recommended that Plaintiff's Section 2255 Motion be denied. Id. at * 8. By Memorandum Opinion and Order entered on August 16, 2010, United States District Judge John Preston Bailey adopted Judge Seibert's recommendation and denied Plaintiff's Section 2255 Motion. Vance v. United States, 2010 WL 3270107 (N.D.W.Va. Aug. 16, 2010).

On January 21, 2014, Plaintiff filed in the Northern District of West Virginia his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Vance v. United States, 2014 WL 1806768, * 2 (N.D.W.Va. May 7, 2014). In support, Plaintiff argued that his case should be reopened and his conviction overturned because the AUSA that prosecuted his case "broke the law." Id. Specifically, Plaintiff asserted the following grounds for relief: (1) The AUSA made false and misleading statements to the Court and jury; (2) Illegal wiretapping; and (3) Prosecutorial misconduct. Id. By "Report and Recommendation" filed on April 16, 2014, United States Magistrate Judge James E. Seibert recommended that Plaintiff's Section 2255 Motion be denied as second or successive. Id. at * 4. On May 7, 2014, United States District Judge John Preston Bailey entered his "Order Adopting Report and Recommendation" and dismissed Plaintiff's Section 2255 Motion. Id. at * 1.

**3.      Instant Section 1983 Action:**

On November 9, 2016, Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees and Cost (Document No. 1) and his Complaints (Document Nos. 2 and 3).[1]

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff names Pocahontas Sheriff Department as the Defendant. (Document Nos. 2 and 3.) In his Complaint, Plaintiff alleges as follows:

> I, Jack E. Vance, claim that Lt. McCoy went to the Plaugher's home with a Trooper W.A. Pendleton to record a telephone call. Lt. McCoy applied his suction cup interception device to the back of the headset. And with his interception device, he recorded a phone call made to me that they instructed the victim to make.

(Document No. 2, p. 1.) As relief, Plaintiff requests that the Court order Defendant to pay him the sum of Ten Million Dollars.[2] (Id., p. 2.) As an Exhibit, Plaintiff attaches a copy of pertinent pages of transcripts from his Section 2254 proceeding challenging the validity of his State conviction (Vance v. United States, Case No. 2:13-CV-00060 (N.D.W.Va. April 16, 2014). (Id., pp. 3 – 6.) In his form Complaint, Plaintiff asserts nearly identical allegations. (Document No. 3.)

On November 28, 2016, Plaintiff filed a "Narrative" in support of his Complaint. (Document No. 5.) Specifically, Plaintiff states as follows:

> On April 7, 2015, Lt. T.A. McCoy from the Pocahontas County Sheriff's Dept. went to the Plaugher's home with State Trooper W.A. Pendleton to record a telephone call. Lt. McCoy applied a suction cup interception device to the phone of the Plaugher's for Lt. McCoy to record a phone call that he instructed the victim to make. On April 7, 2005, State Trooper Pendleton obtained a search and an arrest warrant with information that was on the tape recording made by Lt. McCoy; it is in the search and warrant complaints. In the fall of 2005, the West Virginia State Police turned over the tape recording to the FBI and the Federal Court system. I received this information in the discovery from my court appointed attorney provided by the federal court.
> On February 24, 2006, a hearing was conducted in the Pocahontas County Circuit Court. During that hearing, my attorney Keith McMillion proved that it said two other calls concern me in the transcripts, there has been no evidence offered by the State, and no evidence developed through the witness that this equipment that was used was registered with the West Virginia State Police.

---

[2] Plaintiff has initiated three other civil actions with this Court asserting similar claims: (1) *Vance v. West Virginia State Police*, Case No. 1:16-cv-10725; (2) *Vance v. Lightner*, Case No. 1:16-cv-12296; and (3) *Vance v. West Virginia State Police*, Case No. 1:17-cv-01085.

> Furthermore, Lt. McCoy testified that the device was a rubber suction cup, earphone, and telephone hookup. Lt. McCoy also testified that his particular training just dealt with the actual use of the device itself. This information is stated in the said transcripts, and furthermore, there was no warrant issued for the device. In February of 2007, I went to trial in federal court and the said recording was used against me.

(Id., p. 1.)

On May 3, 2017, Plaintiff filed a document entitled "Reasons for Correction of Sentence." (Document No. 6.) Specifically, Plaintiff continues to claim that Trooper Pendleton and Lt. McCoy conducted an "illegal authorized investigation with no wiretapping warrants" on April 6 and 7, 2005. (Id., p. 1.) Plaintiff complains that on April 8, 2005, Trooper Pendleton "used this illegal authorized tape to get a search and arrest warrant." (Id.) Second, Plaintiff claims that the "search and arrest warrants are illegal [because] they said my crime took place in Pendleton County and the State Trooper took an oath and said my crime took place in Pocahontas County. (Id.) Plaintiff, therefore, concludes that "there is a venue problem." (Id.) Third, Plaintiff states that the State Police "turned over this illegal tape recording and search and arrest warrant to the FBI and the Federal Court system in 2005." (Id.) Plaintiff argues that the "illegal tape recording and search and arrest warrant" was "illegal evidence under the fruit of the poisonous tree." (Id.) Finally, Plaintiff argues that his plea was illegal because it "stemmed from illegal evidence and an illegal authorized investigation, plus the law broke the law." (Id.) Plaintiff, therefore, requests that this Court grant "this Motion for Correction of Sentence and grant such other relief as justice requires." (Id.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can

ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Fourth Amendment Claim:**

Liberally construing the documents submitted by Plaintiff, the undersigned finds that Plaintiff is attempting to assert a claim of malicious prosecution. See Manuel v. City of Joliet, ___ U.S. ___, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017)(recognizing an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based upon the Fourth Amendment); Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000), 223 F.3d at 262 (citing Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996))(In the context of a claim for malicious prosecution, the Fourth Circuit recognizes that an appropriate Section 1983 claim is "a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious

prosecution.".) "[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued" – e.g., post-indictment or arraignment – are considered a § 1983 malicious prosecution claim." Humbert v. Mayor and City Council of Baltimore City, 866 F.3d 546, 555 (4th Cir. 2017)(citing *Brooks*, 85 F.3d at 182). In the instant case, Plaintiff acknowledges that he was arrested pursuant to an arrest warrant. Plaintiff, however, contends that "illegal evidence" was used to establish probable cause for his arrest warrant and prosecution. To state a Section 1983 malicious prosecution claim for a seizure in violation of the Fourth Amendment, "the plaintiff must show that 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor.'" Humbert, 866 F.3d at 555; also see Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005). In the instant case, Plaintiff does not allege that State or Federal criminal proceedings resolved in his favor. See Wallace v. Kato, 549 U.S. 384, 390, n .2, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)(citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994))(An element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor). In fact, Plaintiff acknowledges that he was convicted of both the State and Federal charges. Thus, Plaintiff has failed to state a plausible claim of malicious prosecution.

**2.** **Heck:**

The undersigned further finds that Plaintiff's claims are precluded by Heck. Plaintiff appears to allege that his constitutional rights were violated during the course of his criminal proceedings in State and Federal Court. Specifically, Plaintiff alleges that the Pocahontas Sheriff's Department violated his constitutional rights by "turn[ing] over an illegal tape

recording to the Federal Court out of Elkins, WV." Plaintiff complains that the illegal tape recordings provided by the Pocahontas Sheriff's Department were used against Plaintiff in Federal Court. Plaintiff further alleges that the illegal tape recording was improperly used to obtain a search warrant and arrest warrant concerning his State charges. Finally, Plaintiff complains that the State courts in Pocahontas County lacked proper jurisdiction because the alleged crimes occurred in Pendleton County, West Virginia.

Given the nature of Plaintiff's allegations, Plaintiff is clearly implying that his State and Federal convictions are invalid as a result of various constitutional violations during criminal proceedings in the Circuit Court of Pocahontas County, West Virginia and in the United States District Court for the Northern District of West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff has unsuccessfully challenged the validity of his State and Federal convictions in *habeas* proceedings. The undersigned, therefore, finds that

10

because Plaintiff has not demonstrated that his criminal convictions have been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed. .

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 3) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties,

District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 13, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge