IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD


**JACK E. VANCE,**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:16-10730**

**POCAHONTAS SHERIFF DEPARTMENT,**

    **Defendant.**


### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's complaint alleging defendant violated his constitutional and civil rights pursuant to 42 U.S.C. § 1983.[1] ECF Nos. 2, 3. By Standing Order, the matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On November 13, 2017, the magistrate judge submitted his PF&R, in which he recommended that the district court (1) deny plaintiff's application to proceed without prepayment of fees and costs (ECF No. 1), (2) dismiss this matter without prejudice due to plaintiff's failure to exhaust

---

[1] Plaintiff has initiated three similar 42 U.S.C. § 1983 civil actions with this court: (1) Vance v. West Virginia State Police, Case No. 1:16-cv-10725; (2) Vance v. Lightner, Case No. 1:16-cv-12296; and (3) Vance v. West Virginia State Police, Case No. 1:17-cv-01085.

(ECF Nos. 2,3), and (3) remove the matter from the court's docket.  See ECF No. 9.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure to file such objections constitutes a waiver of the right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On December 8, 2017, the court granted plaintiff's motion for an extension of time to file objections, giving him until December 27, 2017 to do so.  ECF No. 12.  Rather than filing objections by this deadline, plaintiff filed a Motion for A Stay and Abeyance on December 28, 2017.  ECF No. 13.  In that motion, Vance requested that the court stay this matter pending a ruling on a "Rule 35(a)" Motion pending in the Circuit Court of Pocahontas County.  However, the grounds raised in the state court motion have no bearing on the issues raised in this 42 U.S.C. § 1983 action.  Additionally, Vance has not explained how the outcome of his state court motion will affect the analysis contained within the PF&R and the court can find no reasonable

relationship between the two.  For this reason, the Motion for a Stay and Abeyance is **DENIED**.[2]

Accordingly, plaintiff failed to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation by the extended December 27, 2017 deadline, thereby waiving plaintiff's right to a de novo review.  See Snyder, 889 F.2d 1363.  Having reviewed the Findings and Recommendation, the court hereby **ADOPTS** the factual and legal analysis contained within the PF&R, (ECF No. 9), **DENIES** plaintiff's application to proceed without prepayment of fees and costs, (ECF No. 1), **DISMISSES** this matter without prejudice, (ECF Nos. 2,3), and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

It is **SO ORDERED** this 18th day of April, 2018.

                      ENTER:

                      *David A. Faber*
                      David A. Faber
                      Senior United States District Judge

---

[2] Plaintiff filed the same Motion for a Stay and Abeyance in Vance v. West Virginia State Police Pocahontas Cty. Detachment, which the court also denied.  See No. CV 1:16-10725, 2018 WL 1129372, at *1 (S.D.W. Va. Mar. 1, 2018).